United States District Court
Southern District of Texas
**ENTERED**
September 15, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESUS ALEMAN GOMEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-4809 |
| | § | |
| MARTIN FRINK, et al., | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

Jesus Aleman Gomez ("Petitioner"), a citizen of Mexico, entered the United States without inspection in 1996.[1] On November 5, 2025, Petitioner was taken into immigration custody by Immigration and Customs Enforcement ("ICE").[2] On November 7, 2025, Petitioner was served with a Notice to Appear, charging him with inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(I), as "an alien present in the United States without being admitted or paroled."[3]

---

[1]Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief Pursuant to 28 U.S.C. § 2241 ("Habeas Petition"), Docket Entry No. 1, p. 5 ¶ 27; Motion to Stay and in the Alternative, Motion to Dismiss and/or for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 5, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MSJ, Docket Entry No. 5, p. 3.

[3]Notice to Appear, Exhibit 2 to Respondents' MSJ, Docket Entry No. 5-2, pp. 2, 5.

On April 22, 2026, an immigration judge granted Petitioner's 42-B Cancellation of Removal Application.[4] On April 30, 2026, Respondents appealed the immigration judge's decision to the Board of Immigration Appeals.[5] Petitioner has remained in immigration custody while Respondents' appeal is pending.[6]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates the Immigration and Nationality Act and due process.[7] Based on the opinion of the immigration judge, the court finds that it is unlikely that Petitioner will be removed. Petitioner remains in custody because Respondents appealed the decision of the immigration judge. Under the facts of this case the court concludes that Petitioner should be afforded a bond hearing.

For the reasons explained above, Petitioner's Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief Pursuant to 28 U.S.C. § 2241 (Docket Entry No. 1) is **GRANTED.** Respondents are **ORDERED** to release Petitioner or to provide him a bond hearing by September 29, 2026. Respondents are further **ORDERED** to file a status report with the court by October 6, 2026.

**SIGNED** at Houston, Texas, on this the 15th day of September 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[4]Respondents' MSJ, Docket Entry No. 5, p. 3.

[5]Id.

[6]Id.

[7]Habeas Petition, Docket Entry No. 1, pp. 8–10 ¶¶ 43–56.