United States District Court
Southern District of Texas
**ENTERED**
September 30, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESUS ALEMAN GOMEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-4809 |
| | § | |
| MARTIN FRINK,[1] | § | |
| | § | |
| Respondent. | § | |

**ORDER OF DISMISSAL**

The petitioner, Jesus Aleman Gomez, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Docket Entry No. 1), challenging his continued detention by the United States Department of Homeland Security, Immigration and Customs Enforcement. The respondent has filed an advisory notifying the Court that the petitioner has been released from custody. The respondent has also filed an exhibit showing the petitioner's release (Docket Entry No. 8).

A federal court must dismiss a case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the plaintiff's claims. Home Builders Assoc' of Miss., Inc., v. City of Madison, 143 F.3d 1006, 1010 (5th Cir.1998). In resolving a motion under Rule 12(b)(1), a court may refer to evidence outside the pleadings. Espinoza v. Mo. Pacific R. Co., 754 F.2d 1247, 1248 n. 1 (5th Cir.1985).

---

[1] The Warden is substituted as the sole respondent in place of the other listed respondents because he is the petitioner's immediate custodian as the warden of the Montgomery Processing Center. See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2720 (2004) ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."); see also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").

"Under Article III of the Constitution this Court may only adjudicate actual, ongoing controversies." Honig v. Doe, 484 U.S. 305, 317 (1988). "Mootness has two aspects: 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (quoting Powell v. McCormack, 395 U.S. 486, 496(1969)). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot. With the designation of mootness comes the concomitant designation of non-justiciability." American Med. Ass'n v. Bowen, 857 F.2d 267, 270 (5th Cir. 1988)(citations omitted).

Because the petitioner is no longer in custody, this case is moot. Accordingly, this case is **DISMISSED WITHOUT PREJUDICE AS MOOT**.

The Clerk shall provide a copy of this Order to the parties.

**SIGNED** at Houston, Texas, on this 30th day of September, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE